IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| Equal Rights Center, et al.,<br>    Plaintiffs,<br><br>v.<br><br>Kohl's Corporation and Kohl's<br>Department Stores, Inc.,<br>    Defendants. | Case No: 14 C 8259<br><br>Judge Ronald A. Guzmán |

## MEMORANDUM OPINION AND ORDER

For the reasons stated below, the Court concludes that severance of the plaintiffs' claims is appropriate. The claims alleged by Plaintiff Devora Fisher, by and through Sheila Fisher, her legal guardian, who is the first-named individual plaintiff and resides in Illinois, will remain on this Court's docket. The remaining Plaintiffs' claims will be severed, with the Court declining to retain the severed cases on its docket. The Clerk is directed to provide new case numbers for each of the severed plaintiffs' (*i.e.*, The Equal Rights Center, Monica Kamal, Jean Ryan, Regina Lee, Eugene Kelly, and Patricia Thomas) claims and assign those cases to judges pursuant to the District Court's operating procedures. The Clerk is further directed to use the instant Memorandum Opinion and Order as the initiating document in each of the newly-created cases and to file the second amended class action complaint in the instant case [69] as document number 2 in each of the newly-created cases.[1] Any requests by the severed plaintiffs to file amended complaints shall be directed to the newly-assigned judge. "Since severance is the creation of 'multiple docket numbers for the action already on file'—not dismissal and re-filing—the [severed] Plaintiff[s] should not be required to pay filing fees in the instant case." *Jackson v. Welborn*, No. 12-CV-961-JPG, 2012 WL 5383285, at *1 (S.D. Ill. Nov. 2, 2012). For the same reason, tolling of the statute of limitations is unnecessary. To the extent any of the severed plaintiffs wish to seek transfer to another jurisdiction, they may do so after their case has been reassigned. The Equal Rights Center, Monica Kamal, Jean Ryan, Regina Lee, Eugene Kelly, and Patricia Thomas are terminated as plaintiffs in this case.

## STATEMENT

Plaintiffs, on behalf of themselves and a putative class, seek to hold Kohl's Corporation and Kohl's Department Stores, Inc. (collectively, "Kohl's") liable for purported violations of the Americans with Disabilities Act ("ADA") and the New York Human Rights Law based on

---

[1] Although Edith Prentiss is listed as a plaintiff in the second amended class action complaint (Dkt. # 69), a stipulation of dismissal for her was filed on December 7, 2015. (Dkt. # 70.)

alleged inaccessible counters, restrooms, fitting rooms, and inadequate accessible parking. The Court granted in part Kohl's first motion to strike the class allegations on the ground that Plaintiffs failed to properly allege ascertainability, and Plaintiffs were granted leave to file an amended complaint. Kohl's again sought to strike the class allegations and dismiss Count II of the amended complaint, which alleges violations of the ADA. The Court denied that motion, then suspended consideration of Plaintiff's then-pending class certification motion so the parties could discuss settlement, which was unsuccessful. The Court subsequently denied Plaintiffs' motion for class certification, and the Seventh Circuit denied Plaintiff's petition for permission to appeal the class certification ruling. The Court then directed the parties to file position papers on whether the six named plaintiffs should be severed.

Under Rule Federal Rule of Civil Procedure 20(a)(1):

> All persons may join in one action as plaintiffs if:
> (A) they assert any right to relief jointly, severally, or in the alternative, in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> (B) if any question of law or fact common to all these persons will arise in the action.

The purpose of the rule is to promote judicial economies; thus, both requirements of Rule 20(a)(1) must be satisfied. *Elmore v. Henderson*, 227 F.3d 1009, 1012 (7th Cir. 2000). Further, Rule 21 states that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party" or may "sever any claim against a party." Fed. R. Civ. P. 21. The district court has broad discretion in determining whether joinder or severance is appropriate. *See Thompson v. Boggs*, 33 F.3d 847, 858 (7th Cir. 1994).

As an initial matter, now that class certification has been denied, it is not clear that joinder of the plaintiffs is proper under Rule 20(a)(1) given that their claims do not arise out of the same transaction, occurrence, or series of transactions or occurrences.[2] *See Costello v. Home Depot U.S.A., Inc.*, 888 F. Supp. 2d 258, 264 (D. Conn. 2012) (noting that Rule 20(a)'s requirement of the same transaction or occurrence was not satisfied where "[p]laintiffs' [FLSA] claims arise out of their employment in different Home Depot stores, in different states, under different circumstances, and apparently performing different tasks."); *McDowell v. Morgan Stanley & Co., Inc.*, 645 F. Supp. 2d 690, 695 (N.D. Ill. Aug. 10, 2009) ("[T]he existence of an alleged company-wide policy likely cannot outweigh the numerous other factors that courts consider in this context. The alleged discretionary and intentional decisions are not somehow homogeneous or intertwined; rather, each individual Plaintiff was subject to different decisions, at different times, in different locations, and, presumably, in different contexts.").

---

[2] The varying nature and factual bases of Plaintiffs' claims is discussed both in the briefing on the motion for class certification and this Court's ruling on that motion. (Dkt. ## 109, 129, 138, 145, 173.)

2

In any event, Kohl's asks the Court to sever Plaintiffs' claims under Rule 21, but retain each of the severed cases on its docket given the Court's familiarity with the relevant issues. With respect to severance, Plaintiffs contend that the parties:

> have engaged in discussions regarding the a framework to resolve the non-aisle width claims by agreement, which would narrow the legal issues. If the Parties reach agreement on the proposal, the issue of the aisle width and whether Kohl's "Shopability Standards" are readily achievable under the Americans with Disabilities Acts can then be determined at one hearing and that determination would be applicable to [all of] the Plaintiffs. The Court can then separately hear evidence on whether each Plaintiff can demonstrate that each store visited did not meet Kohl's "Shopability Standards." The issue of [the Equal Rights Center's] damages claim under the New York Human Rights Law could either be determined by this court or severed and transferred to the District Court for the Eastern District of New York.
>
> . . . To date, Plaintiffs have not received a response from Kohl's regarding the framework proposal for the non-aisle width and Shopability [S]tandards claims. In the event that the Parties cannot reach agreement on the aforementioned proposal, the individual Plaintiffs submit that the individual Plaintiffs' actions be severed and transferred to the venue of the Plaintiff's residence pursuant to 28 U.S.C. § 1404(a).

(Pls.' Position Stmt., Dkt. # 180, at 2.)

Based on the parties' position statements, the answer is clear: severance is appropriate. As discussed in the ruling on Plaintiffs' motion for class certification and as set forth in detail in Kohl's position statement, each of the individual plaintiffs complains of different barriers (such as limited parking spots, difficulty accessing merchandise or restrooms due to items blocking the aisles or entries, and counters that are too high, among other things) at different stores at different times. (Defs.' Position Stmt., Dkt. # 179, at 2.) Both parties acknowledge that severance is appropriate under these circumstances.

Nevertheless, Plaintiffs ask the Court to await the results of the parties' discussions regarding the non-aisle width claims before making any decision on severance, so that if the parties do resolve the non-aisle width claims between themselves, this Court can then decide the aisle-width claim, including whether Kohl's Shopability Standards are achievable under the ADA. According to Plaintiffs, that ruling would then be applicable to each Plaintiff. As an initial matter, the Court does not have high hopes that these parties can agree to anything. The case is nearly three years old and the parties have been attempting settlement, both on their own and with the assistance of the magistrate judge, for months, if not years. While apparently relatively close to settlement at times, the parties have been unable to seal the deal. Therefore, the Court does not perceive that waiting for a potential resolution to the non-aisle width claims to

be a worthwhile endeavor at this point in time.

Moreover, even if the parties were to agree on a mutually acceptable resolution of the non-aisle width claims, Plaintiffs recognize that the Court would still be faced with "separately hear[ing] evidence on whether each Plaintiff can demonstrate that each store visited did not meet Kohl's 'Shopability Standards' [with respect to aisle width]." (Pls.' Position Stmt., Dkt. # 180, at 2.) In other words, regardless of the parties' ability to resolve certain aspects of the claims, individual inquiries into the facts and circumstances of each Plaintiffs' accessibility challenges, to at least some degree, is inevitable. To the extent that a jury would be involved in that process, the Court is concerned with the prejudice that could result from the jury confusing evidence as to one plaintiff and applying it to another. *Martinez v. Haleas*, No. 07 C 6112, 2010 WL 1337555, at *3 (N.D. Ill. Mar. 30, 2010) ("Without severance of each plaintiff's claim, a jury would be required to hear evidence and make factual determinations concerning thirteen separate events in one trial. This would likely be confusing to the jury, prejudicial to defendants, and undermine any other economies in litigation that may come from allowing joinder of plaintiffs.")

Therefore, the Court concludes that based on the varying facts and circumstances underlying each of Plaintiffs' claims (which will require testimony from different witnesses located in different cities, and different documentary proof), and in the interests of moving this case forward and facilitating possible settlement on an individual basis, severance of the plaintiffs' claims is appropriate. The claim alleged by Plaintiff Devora Fisher, by and through Sheila Fisher, her legal guardian, who is the first-named individual plaintiff and resides in Illinois, will remain on this Court's docket. The remaining Plaintiffs' claims will be severed, with the Court declining to retain the severed cases on its docket.

The Clerk is directed to provide new case numbers for each of the severed plaintiffs' (*i.e.*, Equal Rights Center, Monica Kamal, Jean Ryan, Regina Lee, Eugene Kelly, and Patricia Thomas) claims and assign those cases to judges pursuant to the District Court's operating procedures. *Lee v. Cook Cnty., Ill.*, 635 F.3d 969, 971 (7th Cir. 2011) ("When a federal civil action is severed, it is not dismissed. Instead, the clerk of court creates multiple docket numbers for the action already on file, and the severed claims proceed as if suits had been filed separately.").

The Clerk is further directed to use the instant Memorandum Opinion and Order as the initiating document in each of the newly-created cases and to file the second amended class action complaint in the instant case [69] as document number 2 in each of the newly-created cases. Any requests by the severed plaintiffs to file amended complaints shall be directed to the newly-assigned judge. "Since severance is the creation of 'multiple docket numbers for the action already on file'—not dismissal and re-filing—the [severed] Plaintiff[s] should not be required to pay filing fees in the instant case." *Jackson v. Welborn*, No. 12-CV-961-JPG, 2012 WL 5383285, at *1 (S.D. Ill. Nov. 2, 2012). For the same reason, tolling of the statute of limitations is unnecessary. To the extent any of the severed plaintiffs wish to seek transfer to another jurisdiction, they may do so after their case has been reassigned.

**Date:** August 11, 2017

**Ronald A. Guzmán**
**United States District Judge**