# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| PATRICIA THOMAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 17 C 5857 |
| v. ) | |
| ) | |
| KOHL'S CORPORATION, a Wisconsin ) | |
| corporation, and KOHL'S DEPARTMENT ) | |
| STORES, INC., a Wisconsin corporation, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, District Court Judge:

After denying class certification, United States District Court Judge Ronald Guzman granted Defendants Kohl's Corporation's and Kohl's Department Stores, Inc.'s motion to sever brought pursuant to Federal Rule of Civil Procedure 21. Plaintiff Patricia Thomas then filed the present Second Amended Complaint with the Court seeking injunctive relief for violations of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12181-89 – which prohibits disability discrimination in places of public accommodation – in relation to the Kohl's Department Store in Redlands, California.

Before the Court is Defendants' motion for summary judgment brought pursuant to Rule 56(a). Because Plaintiff does not contest that Defendant Kohl's Corporation is entitled to summary judgment as it was not involved in the operation of the Kohl's Department Stores, the Court grants Defendants' summary judgment motion in this respect. The Court, however, denies the remainder of Defendants' summary judgment motion as to Defendant Kohl's Department Stores (hereinafter "Defendant") because Plaintiff has set forth sufficient evidence raising triable

issues of fact as to her Title III claim based on architectural barriers. *See* 42 U.S.C. § 12182(b)(2)(A)(iv). The Court will address Thomas' motion to transfer venue under 28 U.S.C. § 1404(a) in a separate ruling.

**BACKGROUND**

I. **Shopping at Kohl's Redlands Store**

Plaintiff Patricia Thomas resides in Rialto, California and is living with the progressive effects of Multiple Sclerosis that limits her ability to walk and stand, which necessitates the use of a walker or scooter. (R. 26, Pl.'s Rule 56.1 Stmt. Add'l Facts ¶ 1.) Thomas has shopped at the Kohl's Department Store in Redlands, California on at least three separate occasions. (*Id*.; R. 16, Defs.' Rule 56.1 Stmt. Facts ¶ 19.) Thomas first visited the Redlands store in January 2014, at which time she used her three-wheel scooter that is 22-inches wide. (Defs.' Stmt. Facts ¶¶ 20-21; Pl.'s Stmt. Add'l Facts ¶ 1.)[1] At that time, she shopped in the areas of the store that contained women's clothing, handbags, and socks. (Defs.' Stmt. Facts ¶ 22; Pl.'s Stmt. Add'l Facts ¶ 36.) At her deposition, Thomas testified that she was able to pull up next to some of the displays, but she had problems getting to the items on the higher racks. (Defs.' Stmt. Facts ¶ 23, R. 15-10, Ex. 7, Thomas Dep., at 15-16.) Thomas also testified that she was unable to access certain merchandise racks near the women's handbags. (Pl.'s Stmt. Add'l Facts ¶ 36; Thomas Dep., at 18-19.)

---

[1] Defendant's argument that Plaintiff's later-filed affidavit averring that her scooter is 22-inches wide is a "sham affidavit," namely, that it directly contradicts her deposition testimony, is without merit. *See Cook v. O'Neill*, 803 F.3d 296, 298 (7th Cir. 2015) ("A 'sham affidavit' is an affidavit that is inadmissible because it contradicts the affiant's previous testimony ... unless the earlier testimony was ambiguous, confusing, or the result of a memory lapse."). Specifically, at her deposition, Plaintiff testified that she did not know how wide her scooter was and her affidavit adding the scooter's width amplifies, rather than contradicts her earlier statement. *See id.*

2

Next, Thomas visited the Redlands store in March or April 2014, at which time she used her scooter. (*Id.* ¶¶ 28, 29; Pl.'s Stmt. Add'l Facts ¶ 37.) During her second visit, Thomas shopped for women's tops in response to a television commercial. (Defs.' Stmt. Facts ¶ 30.) Thomas was able to pull next to the tops on display, but had difficulty getting there because she had to go through an area that was "very, very close." (*Id.* ¶ 31; Thomas Dep., at 30-31.) Thomas then visited the little girls' clothing department. (*Id.* ¶ 34; Pl.'s Stmt. Facts ¶ 37.) At her deposition, Thomas explained that she was unable to access certain dresses that were on the lower part of the display. (Defs.' Stmt. Facts ¶ 35; Pl.'s Stmt. Facts ¶ 37.)

Thomas' third visit to the Redlands store was in September 2015. (Defs.' Stmt. Facts ¶ 38.) She had intended on using her walker, but instead decided to use a wheelchair provided by the Redlands store. (*Id.* ¶ 39; Pl.'s Stmt. Add'l Facts ¶ 38.) At that time, Thomas looked at shoes, watches, and bracelets. (Defs.' Stmt. Facts ¶ 40.) When shopping for shoes, Thomas did not enter the shoe aisles because she believed that they were too narrow for the Kohl's wheelchair. (Pl.'s Stmt. Add'l Fact ¶ 38.) Also, while in the accessories department, Thomas could not find an aisle to access the watches. (*Id.*; Defs.' Stmt. Fact ¶ 45.)

## II.    Kohl's Shopability Standards

Kohl's has established "Shopability Standards" that are found in its Merchandise & Visual Standards Book. (Defs.' Stmt. Facts ¶ 3; Pl.'s Stmt. Add'l Facts ¶ 2.) The Merchandise & Visual Standards Book contains fixture guidelines, namely, guidelines for widths of aisles and distance between racks. (Defs.' Stmt. Facts ¶ 4; Pl.'s Stmt. Add'l Facts ¶¶ 3, 4.) The term "fixtures" includes moveable merchandise or display racks. (Pl.'s Stmt. Add'l Facts ¶ 5.) These Shopability Standards include spacing requirements for store employees to achieve between fixtures in certain departments. (*Id.* ¶ 6.) In the Home, Shoes, and Toys Departments, for

3

example, the standard is 36 inches, and in the Apparel, Accessories, and Intimates Departments, the standard is 32 inches hanger to hanger. (*Id*.) Defendant's internal document concerning floor design and fixture plans further sets forth guidelines for spacing around apparel fixtures.[2] (*Id*. ¶ 16.) It is undisputed that the displays at the Redlands store are different shapes, heights, and widths. (Defs.' Stmt. Facts ¶ 9.) Also, it is undisputed that displays are spaced differently from one another. (*Id*.) Moreover, Kohl's ADA Policy requires a minimum of 36 inches of clearance on the path that traverses the perimeter of the store and that all accessible fitting rooms, accessible restrooms, and accessible cash-wraps can be accessed by a pathway that is at least 36-inches wide. (*Id.* ¶ 5.) Also, the ADA Policy provides that Kohl's associates will assist customers with disabilities in any service area as needed. (*Id*. ¶ 6.)

## LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). A genuine dispute as to any material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986). In determining summary judgment motions, "facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." *Scott v. Harris*, 550 U.S. 372, 380, 127 S.Ct. 1769, 167 L.Ed.2d 686 (2007). The party seeking summary judgment has the burden of establishing that there is no genuine dispute as to any material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317,

---

[2] Although the parties filed several documents under seal, "[d]ocuments that affect the disposition of federal litigation are presumptively open to public view, even if the litigants strongly prefer secrecy, unless a statute, rule, or privilege justifies confidentiality." *In re Specht*, 622 F.3d 697, 701 (7th Cir. 2010); *see also United States v. Foster*, 564 F.3d 852, 853 (7th Cir. 2009) (sealed documents "that influence or underpin the judicial decision are open to public inspection unless they meet the definition of trade secrets or other categories of bona fide long-term confidentiality.").

323, 106 S. Ct. 2548, 91 L.Ed.2d 265 (1986). After "a properly supported motion for summary judgment is made, the adverse party 'must set forth specific facts showing that there is a genuine issue for trial.'" *Anderson*, 477 U.S. at 255 (quotation omitted).

## ANALYSIS

I.     **Title III of the ADA**

"[I]njunctive relief under Title III of the ADA [] is available to 'any person who is being subjected to discrimination on the basis of disability' or who has 'reasonable grounds for believing that such person is about to be subjected to discrimination.'" *Scherr v. Marriott Int'l, Inc.*, 703 F.3d 1069, 1075 (7th Cir. 2013) (quoting 42 U.S.C. § 12188(a)(1)). To prevail on a Title III disability discrimination claim, a plaintiff must show: (1) she is disabled within the meaning of the ADA; (2) defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) defendant discriminated against her by denying her the full and equal opportunity to enjoy the services defendant provides. *See Kohler v. Bed Bath & Beyond of Ca., LLC,* 780 F.3d 1260, 1263 (9th Cir. 2015); *Camarillo v. Carrols Corp.*, 518 F.3d 153, 156 (2d Cir. 2008); *see also* 42 U.S.C. § 12182(a); 28 C.F.R. § 36.201(a). Discrimination under Title III includes 'a failure to remove architectural barriers ... where such removal is readily achievable.'" *A.C. v. Taurus Flavors, Inc.,* No. 15 C 7711, 2017 WL 497765, at *1 (N.D. Ill. Feb. 7, 2017) (quoting 42 U.S.C. § 12182(b)(2)(A)(iv)). "[T]he initial burden is on the plaintiff to 'present evidence that a suggested method of barrier removal is readily achievable, i.e., can be accomplished easily and without much difficulty or expense[.]'" *Wylie v. For Eyes Optical Co.*, No. 11 CV 1786, 2011 WL 5515524, at *5 (N.D. Ill. Nov. 10, 2011) (quoting *Colorado Cross Disability Coal. v. Hermanson Family Ltd. P'ship I*, 264 F.3d 999, 1006 (10th Cir. 2001)); *see also Villegas v. Beverly Corner, LLC,* No. 216CV07651CASSSX, 2017 WL 3605345, at *4

(C.D. Cal. Aug. 18, 2017). Defendant then bears the burden of showing that the suggested method of barrier removal is not readily achievable. *See Wylie,* 2011 WL 5515524, at *5; *Villegas*, 2017 WL 3605345, at *4.

## II.     Moveable Displays

Here, the parties do not dispute that Thomas is disabled within the meaning of the ADA or that the Kohl's Redlands store is a place of public accommodation. Instead, Thomas focuses on her inability to access interior merchandise aisles at the Redlands store in relation to the moveable displays and racks.[3] Defendant argues that because there is no express spacing requirement for moveable display racks under the ADA, Thomas cannot state a Title III claim as a matter of law. In essence, Defendant is arguing that moveable displays are not architectural barriers governed by the ADA. To address this argument, the Court turns to Title III and its regulatory framework, including the ADA Accessibility Guidelines ("ADAAG"). *See Scherr,* 703 F.3d at 1076. The ADAAG that governs shelves and display units is § 4.1.3(12)(b). *See Lieber v. Macy's W., Inc.*, 80 F. Supp. 2d 1065, 1077 (N.D. Cal. 1999); *see also Kohler v. Presidio Int'l, Inc.,* No. CV 10-4680 PSG PJWX, 2013 WL 1246801, at *13 (C.D. Cal. Mar. 25, 2013), *vacated in part on other grounds*, 782 F.3d 1064 (9th Cir. 2015). In *Lieber*, the Northern District of California explained that "[n]either the ADA nor its implementing regulations contain any specific spacing requirement for moveable merchandise display racks" because the "regulatory spacing requirement for self-service merchandise units" only "applies to fixed display units." *Id.* at 1077. Nonetheless, the *Lieber* court concluded that the defendant department store had obligations under the ADA in relation to the moveable displays and that

---

[3] Because Thomas is not pursuing her Title III claim in relation to counter heights at the checkout counters, the Court need not address Defendant's standing argument in this respect.

6

"the spacing of moveable display racks is governed by the more general 'readily achievable' standard of the ADA." *Id*. In other words, "the spacing of moveable display racks is a barrier under the ADA, but is governed by the more general 'readily achievable' standard." *Kohler,* 2013 WL 1246801, at *13. Therefore, Defendant's argument that the ADA does not regulate moveable displays is misplaced.

Construing the facts and all reasonable inferences in Thomas' favor – as the Court is required to do at this procedural posture – she has presented sufficient evidence raising a genuine issue of material fact for trial that she was unable to access merchandise in the Redlands store in relation to the moveable display racks. Specifically, while she was using her 22-inch wide scooter at the Redlands store in January 2014, she experienced problems getting to items on certain racks of moveable displays, including merchandise racks near the women's handbags. On her second visit, she encountered similar problems accessing little girls' dresses on lower display racks. On her third visit, Thomas was using a wheelchair provided by the store, yet could not enter the shoe aisles because she believed that they were too narrow for the wheelchair. Also, while in the accessories department, Thomas could not find an aisle to access the watches.

Defendant nonetheless argues that Thomas has not presented sufficient facts to withstand summary judgment because she failed to take any measurements during her visits to the Redlands store and her testimony is otherwise vague. Not only did Thomas adequately explain her movements in her 22-inch scooter and the Kohl's wheelchair while she shopped at the Redlands store, but Title III plaintiffs have withstood summary judgment based on their own personal observations concerning architectural barriers without taking measurements. *See Strong v. Valdez Fine Foods,* 724 F.3d 1042, 1045 (9th Cir. 2013) ("Even without precise measurements, [plaintiff] could support his case based on his own personal experience with the

7

barriers."); *Shaw v. Jar-Ramona Plaza, LLC*, No. 5:13-CV-01563-CAS, 2015 WL 1275294, at *3 (C.D. Cal. Mar. 16, 2015), *aff'd*, 673 F. App'x 774 (9th Cir. 2017) ("personal observations regarding the alleged accessibility barriers suffice to defeat defendant's summary judgment motion").[4]

In addition, contrary to Defendant's assertion, Thomas did not unequivocally concede that Kohl's Shopability Standards provide for spacing that she views to be compliant with the ADA. Rather, when seeking class certification, Plaintiffs' counsel stated:

> Astonishingly, Kohl's own Shopability Standards instruct all Kohl's stores to maintain space between fixtures at a minimum width that, if enforced would most likely have avoided this lawsuit altogether, yet Kohl's has testified that it places no requirements on its stores to follow these standards (even standards that explicitly refer to accommodation of the ADA.)

(14 C 8259, R. 110, Class Cert. Mem., at 11.) Furthermore, Defendants' attendant argument that the Redlands store adheres to Kohl's Shopability Standards is hotly disputed. (Pl.'s Stmt. Facts ¶¶ 25-28, 30, 31; R. 26-9, Ex. J, Lassos Dep., at 24-27; Defs.' Stmt. Facts ¶¶ 11, 12, 14.)

## III. Readily Achievable

The Court now turns to whether Thomas has met her burden in producing evidence that creates a triable issue regarding a suggested method of barrier removal that is "readily achievable." *See Villegas*, 2017 WL 3605345, at *4; *Wylie*, 2011 WL 5515524, at *5. As discussed, "[t]he term 'readily achievable' means easily accomplishable and able to be carried out without much difficulty or expense." *See* 42 U.S.C. § 12181(9); *see also* 28 C.F.R. § 36.304(a). "Federal regulations elucidate the types of barrier removals that are likely to be

---

[4] The Court notes that despite Defendant's argument that Thomas cannot support her claim with her own personal observations of the barriers, in their Rule 56.1 statements, they set forth the personal observations of the Redlands store manager to rebut Thomas' accessibility arguments. (*See, e.g.*, Defs.' Stmt. Facts ¶ 14.)

readily achievable" under "28 C.F.R. § 36.304(b)," *see Vogel v. Rite Aid Corp.*, 992 F. Supp. 2d 998, 1011 (C.D. Cal. 2014), including "[r]earranging tables, chairs, vending machines, display racks, and other furniture." 28 C.F.R. § 36.304(b)(4). The ADA's regulations provide further guidance in relation to the removal of moveable displays, namely, "[t]he rearrangement of temporary or moveable structures, such as furniture, equipment, and display racks is not readily achievable to the extent that it results in a significant loss of selling or serving space." 28 C.F.R. § 36.304(f). More specifically, the "ADA statute makes clear that the readily achievable barrier removal obligation must consider the 'overall financial resources,' 'effect on expenses and resources,' and the 'effect on operations' of the facilities involved in the action." *Lieber,* 80 F. Supp. 2d at 1078 (citing 42 U.S.C. § 12181(9)). Lending further guidance in determining when removal of an architectural barrier is readily achievable, the Second Circuit requires "a plaintiff to articulate a plausible proposal for barrier removal, 'the costs of which, facially, do not clearly exceed its benefits.'" *Roberts v. Royal Atl. Corp.,* 542 F.3d 363, 373 (2d Cir. 2008) (citation omitted). Courts determine whether a method is readily achievable on a case-by-case basis. *See Montano v. Bonnie Brae Convalescent Hosp., Inc.*, 79 F. Supp. 3d 1120, 1127 (C.D. Cal. 2015); *Guzman v. Denny's Inc.*, 40 F. Supp. 2d 930, 935 (S.D. Ohio 1999). The readily achievable inquiry "involves a 'fact intensive inquiry that will rarely be decided on summary judgment.'" *Wilson v. Pier 1 Imports (US), Inc.,* 439 F. Supp. 2d 1054, 1067 (E.D. Cal. 2006) (citation omitted); *see also Brown v. Cnty. of Nassau,* 736 F. Supp. 2d 602, 622 (E.D.N.Y. 2010).

Here, Thomas has proposed that Defendant: (1) develop policies requiring that the measurements in its Shopability Standards are enforced: (2) develop and require methods for systematically measuring spaces between merchandise to ensure compliance and maintenance of aisle widths; (3) adequately train Kohl's employees for the measuring and enforcing of the

9

Shopability Standards; and (4) develop adequate employee training of Kohl's obligations under the ADA. In support of this proposal, the record contains evidence that Kohl's Merchandise and Visual Presentation Department already publishes a Merchandise and Visual Standards Book that contains the Shopability Standards addressing fixture spacing guidelines. (Defs.' Stmt. Facts ¶¶ 4, 5; Pl.'s Stmt. Facts ¶ 3.) Thomas has further presented evidence that despite providing shopability tools and access to intranet employee training, Defendant's Shopability Standards are not always met – raising a reasonable inference that the present training procedures are inadequate. (Pl.'s Stmt. Facts ¶¶ 10, 11, 18, 25.) Plus, the Redlands store does not have any procedures to check fixture spacing at any given time. (*Id*. ¶ 31.) Based on these facts and all reasonable inferences, Thomas has set forth sufficient evidence raising a genuine issue of material fact that the resources necessary to enforce Defendant's already established guidelines and the ADA, along with better employee training, can be "carried out without much difficulty or expense." *See* 42 U.S.C. § 12181(9). Specifically, requiring additional inches around the moveable displays will not result in a "significant loss of selling or serving space," *see* 28 C.F.R. § 36.304(f), because these extra inches will not displace a large amount of retail space. Also, enhancing Kohl's already-established employee training would minimally impact the overall resources and operations of the Redlands store. Accordingly, viewed in her favor, Thomas has set forth a plausible proposal for barrier removal – which on its face – will not cost more than its benefits. *See Roberts,* 542 F.3d at 373.

In response, Defendant has not rebutted this evidence. *See Wylie,* 2011 WL 5515524, at *5. Instead, Defendant contends that even if Thomas has met her burden that architectural barriers exist, her ADA claims fail because Kohl's offers customer assistance in retrieving

merchandise from inaccessible shelves or racks. In making this argument, Defendant relies on 28 U.S.C. § 36.305(a), which states in relevant point:

> Where a public accommodation can demonstrate that barrier removal is not readily achievable, the public accommodation shall not fail to make its goods, services, facilities, privileges, advantages, or accommodations available through alternative methods, if those methods are readily achievable.

28 C.F.R. § 36.305(a). An example provided as an alternative to barrier removal includes "[r]etrieving merchandise from inaccessible shelves or racks[.]" 28 C.F.R. § 36.305(b)(2). Courts characterize this regulation as the "customer service defense," which is appropriate only when barrier removal is not readily achievable. *See Lieber*, 80 F. Supp. 2d at 1080 ("[I]f it is not readily achievable for a retail store ... to rearrange display racks to provide accessible aisles, the store must, if readily achievable, provide a clerk ... to retrieve inaccessible merchandise.") (citation omitted); *Alford v. City of Cannon Beach*, No. CV-00-303-HU, 2000 WL 33200554, at *10 (D. Or. Jan. 17, 2000) ("This section applies only if removal of barriers is not readily achievable.").

As discussed, Thomas has demonstrated – at this procedural posture – that the removal of the architectural barriers at issue is readily achievable and Defendant has not rebutted this showing. Under these circumstances, the customer service defense does not apply. *See, e.g., Snyder v. Lady Slings the Booze, LLC,* 73 F. Supp. 3d 871, 876 (W.D. Ky. 2014) ("Because removal of the four-inch step as an architectural barrier is readily achievable with Defendant's portable ramp, offering human assistance alone is not an available option."). The Court denies this aspect of the summary judgment motion.[5]

---

[5] Defendant's arguments made for the first time in its reply brief are waived. *See Wedemeyer v. CSX Transp., Inc.*, 850 F.3d 889, 897 (7th Cir. 2017).

## CONCLUSION

For these reasons, the Court grants Defendants' summary judgment motion as to Defendant Kohl's Corporation, but denies the remainder of the motion.

**Dated:** February 5, 2018

        **ENTERED**

_____
**AMY J. ST. EVE**
**United States District Court Judge**