IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Patricia Thomas, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 17 C 5857 |
| | ) | Judge Ronald A. Guzmán |
| Kohl's Corporation and | ) | |
| Kohl's Department Stores, Inc., | ) | |
|     Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

For the reasons stated below, Defendants' motion for judgment on the pleadings [34] and Plaintiff's motion to transfer the case [18] are denied. Plaintiff's motion for alternative relief [58] is denied without prejudice to renewal at the appropriate time.

## STATEMENT

The instant case was recently reassigned to this Court from Judge St. Eve. This order assumes familiarity with the facts and prior rulings both in this case and the original case that was pending before this Court prior to severance (*Fisher v. Kohl's*, 14 C 8259 (N.D. Ill.).) Defendants' motion for judgment on the pleadings, arguing that the Equal Rights' Center's ("ERC") voluntarily dismissal of its case precludes the individual plaintiffs' claim based on grounds of res judicata, is denied. As an initial matter, Defendants argued that the ERC lacked standing to sue on behalf of its members and moved to dismiss the ERC's suit on that ground. Although that motion was not ruled on prior to ERC's voluntary dismissal, if, as Defendants asserted, the ERC lacked standing, then the ERC's case would have been dismissed for lack of subject matter jurisdiction and would not bar subsequent suits. *Crosby v. Bowater Inc. Ret. Plan for Employees of Great N. Paper, Inc.*, No. 05 C 3478, 2006 WL 2578928, at *3 (N.D. Ill. Sept. 1, 2006) ("A dismissal for lack of subject matter jurisdiction is not on the merits and consequently will not bar a later suit.").

Moreover, Defendants' position has been all along that the "ERC's case is based upon different factual and legal issues, and involves different claims and requests for relief." (Report of Parties, Dkt. # 4, at 3 (*The Equal Rights Center v. Kohl's Corp.*, *et al.*, 17 C 5852 (N.D. Ill.).) Indeed, Defendants opposed the ERC's proposal that its suit act as a test case for the individual plaintiffs' cases, arguing that "[a]llowing the ERC to essentially act as a *de facto* class representative and seek injunctive relief for the individual plaintiffs . . . is essentially a second attempt at pursuing the individual plaintiffs' claims on a class basis . . . ." (*Id*. at 4.) If that is the case, as Defendants contend, then the second and third elements of res judicata, that the same cause of action for the same parties or their privies was previously resolved, does not apply.

Even assuming *arguendo* that the elements of res judicata are satisfied, the Court notes that it is "an *equitable* doctrine that 'bars claims that were litigated or could have been litigated in a previous proceeding.'" *Nat'l Lampoon Inc. v. Durham*, No. 113CV01094RLYTAB, 2017 WL 2930572, at *5 (S.D. Ind. July 10, 2017) (emphasis added and citation omitted). Here, the Court concludes as a matter of equity that Defendants should not be permitted to take contradictory positions simply because it is expedient for their purposes at a particular point in the litigation. *Cf. Bonnstetter v. City of Chi.*, No. 13 C 4834, 2014 WL 3687539, at *5 (N.D. Ill. July 24, 2014) (concluding that "principles of equity d[id] not warrant application of an exception [allowing claim splitting] to the doctrine of res judicata based on the Defendants' agreement or acquiescence" when "there [was] no indication that the Defendants did anything to lead [the plaintiff] to believe that he could split his claims," "[t]he Defendants . . . raised res judicata as an affirmative defense in all of the motions to dismiss filed in this case," and the plaintiff "knew that the Defendants viewed the two cases as arising from the same set of operative facts").

Also before the Court is Plaintiff's motion to transfer the case to California, where she resides, due to the difficulty she would face having to travel to Illinois for trial. After Judge St. Eve denied Defendants' summary judgment motion, Plaintiff filed a motion entitled "Request for Alternative Relief Concerning Her Motion for Transfer of Venue," asking that Plaintiff be permitted to testify at trial via video conference, thus alleviating the need for her to travel and eliminating the need for transfer of her case to California. Defendants oppose the motion, arguing, among other things, that it is forum shopping (given that Defendants' motion for summary judgment has been denied), and would be prejudicial to Defendants not to be able to conduct a live cross-examination. Based on Plaintiff's filing of her request for alternative relief, the motion to transfer is denied. Plaintiff's request to testify at trial by video conference is denied without prejudice for renewal at the appropriate time.

**Date:** June 6, 2018

_____
**Ronald A. Guzmán**
**United States District Judge**